IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

| | | |
|---|---|---|
| AARON AND KAYNATICE WARD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0057-KD-N |
| | ) | |
| LIME FINANCIAL SERVICES, LTD., | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on the defendant's Motion to Dismiss (doc. 46).  The

motion has been referred to the undersigned for entry of a Report and Recommendation pursuant

to 28 U.S.C. §636 and Local Rule 72.2.  Upon review of the motion and all related filings (docs.

52, 57), the undersigned RECOMMENDS that plaintiffs' claim for rescission under the three-

year alternative period provided under TILA be DISMISSED <u>with prejudice</u>, and that plaintiffs'

claims for misrepresentation of the finance charge and civil damages be DISMISSED <u>without</u>

<u>prejudice</u>.

Background

Plaintiffs, Aaron and Kaynatice Ward ("The Wards"), Joey and Tina Resmondo ("The

Resmondos") and Pauline Lampkin ("Lampkin")[1], all residents of Alabama, bring this action

against Lime Financial Services, Ltd. ("Lime") alleging violations of the federal Truth in

Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), arising out of loan transactions in which they

refinanced their respective home mortgages with Lime.  The Wards refinanced in 2005, Lampkin

_____

[1]  The complaint also contains class action allegations, which have not yet been
considered by the court.

in 2006, and the Resmondos in 2007.  The action was originally filed in the District Court for the District of Oregon, of which state defendant is a citizen.  The action was transferred to this district by order (doc. 40) dated January 15, 2009.

In their complaint, Plaintiffs claim that defendant, through its agents, left blank certain items on each of their Notice of Right to Cancel forms, including the ending dates for the statutory three-day right of rescission.[2]  However, the forms did state clearly that each of the loans were subject to a right of rescission, at no cost to the borrowers, within three business days of one of three specified events, the applicable one of which appears to have been the loan closing itself, at which plaintiffs received the notice.[3]

Plaintiffs also allege that Lime understated the finance charge in each of their forms.  In their Response, plaintiffs acknowledge that their allegations on this claim are inadequate, but state their intent to file an Amended Complaint "promptly".  On that basis, they ask the court not to dismiss this claim.  However, in nearly two months since filing their Response, plaintiffs have not filed a Motion for Leave to Amend[4], and thus have not demonstrated that such an amendment

---

[2]  Though not stated in the Complaint, it also appears that one or more of the plaintiffs received forms which did not expressly identify the beginning date of the three-day period.  For purposes of the instant motion, the court will presume that to be true in each of the three loans.

[3]  In their response, plaintiffs also assert that, on the Notice of Right to Cancel, defendant did not properly identify that form as related to the particular loan transaction, because it did not give the date of the transaction.  This theory does not appear in the complaint.  Regardless, though Treasury Regulation Z allows the lender to identify the Notice as relating to a specific loan by use of the transaction date, Official Staff Commentary § 226.23(b)(3), it does not require that the Notice be identified in any particular way.  *See* Federal Reserve Board Official Staff Commentary to § 226.23(b)(3).  Thus, presuming that this argument does not come too late, the inclusion of the loan number and borrower's name on the form nonetheless was adequate to satisfy this requirement.

[4]  Defendant has filed an Answer (doc. 10) in this action; plaintiffs therefor require leave of court to amend their pleadings.  See Fed.R.Civ.P. 15(a).

2

would be appropriate and non-prejudicial, or that it would not be futile as to one or more of the plaintiffs.[5]  The court will not act on the basis of a passing reference in a brief on another matter, and will not approve such a remedy summarily without the necessary showing.  Rather, the undersigned enters her recommendation on the basis of the motions before the court.

Legal Standard

Motion to Dismiss.

Prior to <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  This language as it relates to the Rule 12(b)(6) standard was expressly rejected in <u>Twombly</u> wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of an initial pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative

---

[5]  Plaintiffs also mention their intent to amend the complaint to state additional facts concerning their equitable tolling argument on the three-year rescission period.  Given the undersigned's recommended disposition concerning the applicability of that period, tolling issues are irrelevant to this recommendation.

level.

550 U.S. at 555.  The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  The Supreme Court recently reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009).  The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'."  Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557.  *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8.  *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553, n. 8.  The Supreme Court's Twombly formulation of the pleading standard "'does not

4

impose a probability requirement at the pleading stage,'" but instead "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." Id., quoting Phillips, at 234, in turn quoting, Twombly, at 556.

A statute of limitations defense is generally not appropriate for evaluation on a Motion to Dismiss filed pursuant Rule 12(b)(6), Fed.R.Civ.P., inasmuch as the statute of limitations is an affirmative defense around which plaintiffs are not required to plead in their complaint. As a result, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir.2004) (citations omitted).[6]

TILA Rescission

The Treasury Department has enacted Regulation Z, 12 C.F.R. §226.8 et seq., concerning TILA compliance. That regulation provides inter alia more detailed requirements for the disclosures lenders are required to make. Ordinarily, a borrower's TILA rescission rights extend only "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635(a).

---

[6] See also Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n. 13 (11th Cir.2005) ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute.") (citation omitted); Hollander v. Brown, 457 F.3d 688, 691 n. 1 (7th Cir.2006) ("a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense," and Rule 12(b)(6) dismissal on limitations grounds is appropriate only if plaintiff "effectively pleads herself out of court by alleging facts that are sufficient to establish the defense").

Section 1635(a) of title 15, United States Code, provides

> Except as otherwise provided in this section, in the case of any consumer credit transaction...in which a security interest...is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, <u>the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later</u>, ... . The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. § 1635(a) (emphasis added).

Where the lender violates TILA disclosure rules, the rescission period is extended to three years. *See* <u>Smith v. Highland Bank</u>, 108 F.3d 1325, 1326 (11th Cir.1997) (holding that, if creditor neglects to comply with § 1635(a) disclosure requirements, "the debtor's right to rescind is extended for up to three years after the transaction is complete"). In such situations,

> An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, ... .

15 U.S.C. §1635(f).

Regulation Z expressly provides that the date of the expiration of the three-day rescission period should be clearly stated in the Notice of Right to Cancel.

> The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
> (i)The retention or acquisition of a security interest in the consumer's principal dwelling.
> (ii) The consumer's right to rescind the transaction.
> (iii) How to exercise the right to rescind, with a form for that purpose, designating

6

the address of the creditor's place of business.
(iv) The effects of rescission, as described in paragraph (d) of this section.
(v) The date the rescission period expires.

12 C.F.R. § 226.23(b).

"TILA does not require perfect notice; rather it requires a clear and conspicuous notice of recision rights." Veale v. Citibank, F.S.B., 85 F.3d 577, 580 (11th Cir. 1996); see Smith v. Highland Bank, 108 F.3d 1325, 1326 (11th Cir. 1997). "Unlike the general civil liability section of the Truth-in-Lending Act, 15 U.S.C. s 1640, which provides for liability for any non-disclosure, the rescission provisions under 15 U.S.C. § 1635 require that the nondisclosure be material."[7] Bustamante v. First Federal Sav. And Loan Ass'n of San Antonio, 619 F.2d 360, 363 (5th Cir. 1980)[8]; Smith v. Highland Bank, 108 F.3d 1325, 1326 (11th Cir. 1997)("If a creditor neglects to comply with these requirements, it may face civil liability under TILA, 15 U.S.C. § 1640(a).") With this legal framework in mind the court now turns to the grounds asserted in support of the motion to dismiss.

<u>Analysis</u>

*Rescission Claim*

---

[7] Plaintiffs allege that the Notices in all three loans at issue in this case lacked specific closing dates, and allege further that this was a standard practice of defendant to minimize the chance of losing a customer. They include a similar class allegation. It is a somewhat troubling corollary of the "materiality" requirement that, if such a wide-spread intentional violation of the regulations is occurring, it does not give rise to enforcement by extension of the rescission period. However, the possibility of civil liability, not tied to the materiality of the violation, may provide a enforcement mechanism adequate to address such violations. The rescission provision may have been considered too harsh an outcome for minor violations.

[8] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

7

Plaintiffs allege, in sum, that defendant, through its agents, left blank certain items on each of their Notice of Right to Cancel forms, including the ending dates for the statutory three-day right of rescission.  In opposition to the motion, defendant relies, in part on  McMillian v. AMCMortgage Services, Inc., 560 F. Supp. 2d 1210 (S.D. Ala. 2008).  In McMillan the plaintiffs alleged a violation of TILA's disclosure requirements for failure to fill in the date blanks on the Notice of Right to Cancel forms where the specific day for the running of the rescission deadlines was supposed to be entered.  Id. at 1217-18.  The Court held that this was not a "material" violation of TILA, sufficient to trigger the three-year alternative rescission period set forth in 15 U.S.C. §1635(f).  The Court stated that "[a]lthough the Notice of Right to Cancel did not specify a date certain for cancellation, this Court is of the opinion that no reasonably attentive consumer reading that Notice could have failed to appreciate the existence and running of the three-day rescission period."  Id., at 1219-20.

Plaintiffs herein seek to counter the McMillian decision in two ways: (1) distinguishing McMillian because only one blank was not completed on the Notice of Right to Cancel, while there are two in this case[9]; and (2) by arguing that McMillian was wrongly decided.  The undersigned finds neither argument sufficient to prevent dismissal of plaintiffs' claims in this action.

Plaintiffs' primary argument is that prior precedent, such as Smith v. Highland Bank, 108

---

[9]  Plaintiffs state in their Response that McMillian did not involve blanks for both the beginning and ending date of the three-day rescission period.  To the contrary, the opinion in McMillian, at 1218, states "Plaintiffs readily admit that they received these documents, but contend that the Notice was inadequate under TILA, inasmuch as two boxes on this Notice, one indicating the document signing date and the other indicating the final date to cancel, were allegedly left blank."

F.3d 1325, 1327 n.4 (11th Cir. 1997),  which held that the courts were not to construe TILA in a "hypertechnical" way, should be read to apply only to those details of the disclosures which were not expressly established by specific regulation; the corollary was that defendant's claims were not subject to the "clear and conspicuous" standard because there was a specific regulation which provided that such forms were to be filled out completely[10], including the date on which the 3-day period was to run.  In McMillian, the court implicitly rejected such a distinction, holding that failure to include the ending date on the Notice of Right to Cancel was not a material breach of TILA, and thus did not trigger the application of the three-year rescission period.

The undersigned has reviewed the authorities cited by the parties, and considered carefully the analysis of the court in McMillian.  The undersigned finds that McMillian correctly stated the law applicable in this Circuit.  Indeed, in light of the general holdings of the Eleventh Circuit in Veale and Highland Bank, *supra*, the undersigned is bound to construe the notification requirements of TILA for rescission, not as requiring a hyper-technical satisfaction of every jot and tittle of the statute and the regulations, but as requiring "a clear and conspicuous notice of recision rights."  Veale at 580.

Having determined the standard to be applied, the undersigned recommends that the court find the notices of rescission rights in this case to be sufficiently clear and conspicuous.  The notices at issue, on a separate page signed by the borrowers, state clearly that the borrower has a legal right to cancel the transaction, without cost, within three business days from the latest of (a) the date of the transaction, (b) the date they received their TIL disclosures, or (c) the date

---

[10]  12 C.F.R. § 226.23(b).

they received their notice of their right to cancel.  (See exhibits to Doc. 46).  Although the

Notices do not state the date of the transaction, the borrowers dated the forms when the signed

them.  Thus, it is a simple matter for a reasonable borrower to calculate the date by which they

were required to exercise their rescission rights from the information provided.[11] *See* <u>Melfi v.

WMC Mortgage Corp.</u>, 568 F.3d 309,   (1st Cir. 2009) ("[T]here is no evidence in TILA or any

Board regulation that either Congress or the Board intended to render the form a nullity because

of an uncompleted blank in the form or similar flaw where, as here, it could not possibly have

caused Melfi to think that he had months in order to rescind. The central purpose of the

disclosure-the short notice period for rescission at will-was plain despite the blanks.")

    Because the Notice of Right to Cancel used by defendants in the loans at issue were clear

and conspicuous, despite the lack of an express statement of the rescission deadline, plaintiffs are

not entitled to the three-year rescission period.  The undersigned RECOMMENDS that the court

dismiss plaintiffs rescission claims for failure to state a claim upon which relief may be granted.

### *Misrepresentation of Finance Charge*

    Plaintiffs acknowledge that their allegations in support of their claim that the defendant

understated the finance charges in their TIL disclosures are inadequate.  The undersigned agrees.

Though plaintiffs have expressed their intention to amend their pleadings to correct this

situation, they have not yet done so.  The undersigned RECOMMENDS that the court Dismiss

their claim without prejudice; such an action would allow them to restate those claims without

---

[11] Nor do the plaintiffs claim that they were subjectively confused or mislead by the disclosures; indeed, it appears from the record that they did not attempt to exercise their rescission rights for several years following the making of the loans.  Regardless, the analysis applied in this Circuit calls for an objective determination rather than a subjective one.

leaving this action open on the court's docket for an indeterminate period, on the chance that

they might be able to allege a non-futile amendment despite the statute of limitations arguments

that have taken on greater strength in light of the determination that the three-day, rather than the

three-year, rescission period applies to these loans.

### *Civil Liability*

Defendant asserts that plaintiffs' claims for civil damages arising from the alleged errors

in the TIL disclosures are due to be denied, on the grounds of the running of the applicable one-

year limitations period.  See 15 U.S.C. § 1640(e); *see also* <u>McMillian</u>, 560 F. Supp. 2d at

1221.  Plaintiffs counter that the limitations period regarding their claims are subject to equitable

tolling.  All of their arguments to that end rely on a finding that the three-year rescission period

applied to their claims; as the undersigned has recommended that provision be held inapplicable,

it further appears that plaintiffs' damages claims are time barred.  Alternatively, the Response

may be read to indicate that the damages claim is for injuries related to the failure to accept

plaintiffs' attempted rescission, which the undersigned has recommended by found untimely; if

so, this claim must also fail.

However, as the nature of plaintiffs' damage claim is unclear, and as the Response also

contains a passing reference to amendment of that aspect of the complaint, the undersigned

RECOMMENDS that this claim be DISMISSED <u>without prejudice.</u>

Conclusion

For the foregoing reasons, the undersigned RECOMMENDS that plaintiffs' claim for

rescission under the three-year alternative period provided under TILA be DISMISSED <u>with</u>

<u>prejudice</u>, and that plaintiffs' claims for misrepresentation of the finance charge and civil

11

damages be DISMISSED <u>without prejudice</u>.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this 5th day of October, 2009.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.